IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DARRELL AMOS TAITE,                :
                                   :
    Petitioner.                    :
                                   :
vs.                                :    CIVIL ACTION 10-0184-KD-M
                                   :
WARDEN BRUCE PEARSON,              :
                                   :
    Respondent.                    :

## REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2241 by a federal prisoner which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1. Respondent has filed a Motion to Dismiss (Doc. 12). This action is now ready for consideration. The record is adequate to determine Petitioner's claims; no evidentiary hearing is required. It is recommended that Respondent's Motion to Dismiss (Doc. 12) be granted, that the habeas petition be denied (Docs. 1-2), and that this action be dismissed.

Petitioner was convicted of conspiracy to possess, with intent to distribute, crack cocaine and possession, with intent to distribute, crack cocaine, in this Court on May 10, 1995; he received a sentence of thirty years in the penitentiary on

August 14, 1995 (Doc. 1). *United States v. Taite*, C.A. 94-149-CB (S.D. Ala. August 14, 1995) (Docs. 135, 191). Appeal was made to the Eleventh Circuit Court of Appeals which affirmed the conviction and sentence (*Taite*, Doc. 253). Petitioner filed a complaint with this Court on April 21, 2010, raising a single claim: He is actually innocent of an earlier crime which was used as an enhancement to the sentence under this conviction (Docs. 1-2).

Respondent has filed a Motion to Dismiss which asserts that this Court does not have jurisdiction over this matter as Petitioner is incarcerated in Mississippi (Doc. 12). Specifically, § 2241 actions require that a court have *in personam* jurisdiction over the petitioner. *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991) ("Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated"). In his petition, Taite acknowledges that he is incarcerated in Yazoo City, Mississippi (Doc. 1).

For the foregoing reasons, the Court finds that it does not have jurisdiction over this matter. Therefore, it is recommended that Respondent's Motion to Dismiss (Doc. 12) be Granted, that this § 2241 petition (Docs. 1-2) be denied, and that this action be dismissed. It is further recommended that

judgment be entered in favor of Respondent Warden Bruce Pearson and against Petitioner Darrell Amos Taite.

Furthermore, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further."'").

Inasmuch as Taite has filed this action in the wrong court, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Taite should be allowed to proceed further, *Slack,* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

## CONCLUSION

As set out above, it is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be denied. Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objection party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded).** Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

Done this 4th day of August, 2010.

                                 s/BERT. W. MILLING, JR.
                                 UNITED STATES MAGISTRATE JUDGE